**NATIONWIDE MUTUAL INS. CO., Plaintiff,**

v.

**Orlando Otero PEREZ, et. al., Defendant.**

Nos. CIV. A. 97–2172(JP), CIV. A. 97–2347.

United States District Court, D. Puerto Rico.

June 9, 1999.

---

Harry R. Nadal–Arcelay, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for Nationwide Mutual Insurance Company, plaintiff.

Ignacio Rivera–Cordero, San Juan, PR, Francisco M. Lopez–Romo, South Miami, Fl, for Orlando Otero–Perez, Carmen Solivan–Rios, Eric Solivan–Rios.

Roberto J. Torres–Antommattei, Yauco, PR, Carmen Milagros Lopez–Maldonado, for Ivan Lopez–Lopez, Carmen Milagros Lopez–Maldonado.

Miriam Deborah Salwen–Acosta, San Juan, PR, for Luis Oscar Ramos–Colon, Jeanette Torres–Diaz, Conjugal Partnership Ramos–Torrez.

Carlos Rodriguez–Garcia, San Juan, PR, for Bernice Gonzalez, Jose Vega–Ruiz, Jane Vega, Conjugal Partnership Vega–Vega.

Jesus Santaigo–Malavet, Santurce, PR, Jose F. Blanco–Torres, Santurce, PR, for Edwin R. Ortiz–Negron, Maria Del R. Diaz, Conjugal Partnership Ortiz–Diaz, Conjugal Partnership Fuentes–Torres, Edwin Fuentes–Rivera, Conjugal Partnership Santos–Santos, Pedro Santos–Rivera, Jane Santos, Edwin O. Berdecia–Perez, Edwin Lopez–Figueroa, Edna M. Torres, Conjugal Partnership Lopez–Torres, Jaime Lopez–Figueroa, Edna Rivera–Luna, Conjugal Partnership Lopez–Rivera, Orlando Soto–Mercado, Zulay Bonaparte–Gomez, Conjugal Partnership Soto–Bonaparte, Brulinda Torres–Figueroa, Edwin O. Bersecia–Perez.

Martin Gonzalez–Vazquez, Ponce, PR, for Jorge L. Galarza–Rivera.

Carlos Fernandez–Nadal, Ponce, PR, for Mardez Hernandez–Martinez.

Mario J. Portela–Martinez, Caguas, PR, for Iris B. Rivera–Robles.

Felicita Jomp–Vazquez, San Juan, PR, for Jose F. Espada–Colon, Carmen Miranda–Colon, Conjugal Partnership Espada–Miranda.

Juan R. Acevedo–Cruz, Hato Rey, PR, for Jorge Marrero–Cartagena, Jane Marrero.

Luis R. Rivera–Rodriguez, Hato Rey, PR, for Reinaldo De–Jesus, Lorna De–JesusZayas, Conjugal Partnership De–Jesus–De–Jesus, Cruz N. Pagan–Diaz.

Jose Blanco–Torrez, Santurce, PR, fotAmalia T. Barrios–Roman, Ana M. Ortiz–Santiago, Roberto Santos.

Eddie G. Malave–Colon, Aibonito, PR, for Florentina Diaz–Santos..

Cristobal Colon, San Juan, PR, Benny F. Cerezo, Rio Piedras, PR, for Israel Colon–Aponte, Jane Colon–Aponte.

Jesus Rivera–Delgado, San Juan, PR, for Felix E. Latorre–Vasquez.

Miguel M. Limeres–Grau Parra, Del Valle, Frau & Limeres, Ponce, PR, for Jorge L. Alvardo, Carmen Guevara, Conjugal Partnership Alvardo–Guevara.

Benny F. Cerezo, Rio Piedras, PR, Juan R. Requena–Davila, Alvaro R. Caldderon Law Offices, San Juan, PR, for Luis F. Rodriguez–Gotay, Nelida Burgos–Ortiz, Conjugal Partnership Rodriguez–Burgos.

### ORDER

PIERAS, Senior District Judge.

Before the Court is a Motion to Dismiss brought by Co–Defendants Jose F. Espada

Colón, his wife Carmen Miranda Colón and the conjugal partnership composed between them ("Movants") (docket No. 216) and Plaintiff Nationwide Mutual Insurance Company's ("Nationwide") Opposition to Co–Defendant Jose F. Espada's Motion to Dismiss (docket No. 253).

The original Complaint in this case was filed by Nationwide on August 1, 1997, and a First Amended Consolidated Complaint ("Amended Complaint") was filed on January 19, 1999, alleging violations of the Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. Movants were served with summons and a copy of the Amended Complaint on February 15, 1999 and filed their Motion to Dismiss on April 5, 1999. Movants contend that the Amended Complaint does not state a claim on which relief can be granted because: (1) the Amended Complaint does not state what acts constitute prohibited acts under RICO; (2) the Amended Complaint names Movants as both Defendants and part of the RICO enterprise; (3) the actions allegedly taken by Movants are not illegal in and of themselves; and (4) the allegations in the Amended Complaint are vague and ambiguous.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir. 1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted).

Although there is a low threshold for stating a claim, the pleading requirement is "not entirely a toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996) (quoting *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989)). Thus, a Complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)).

In order to avoid dismissal of a RICO claim, a plaintiff "must, at a bare minimum, state facts sufficient to portray (i) specific instances of racketeering activity within the reach of the RICO statute and (ii) a causal nexus between that activity and the harm alleged." *Miranda*, 948 F.2d at 44. Civil RICO claims are unique because they are "the litigation equivalent of a thermonuclear device. The very pendency of a RICO suit can be stigmatizing and its consummation can be costly," and thus, a court must be cautious in assessing a RICO complaint so as to "balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." *Id.* (citations omitted). Therefore, a court must carefully examine a RICO plaintiff's allegations to assure they are not based on bald assertions and unsubstantiated conclusions. *See Dibbs v. Gonsalves*, 921 F.Supp. 44, 49–50 (D.Puerto Rico 1996).

In the instant case, the Court finds that Nationwide has satisfied both prongs of the *Miranda* analysis, alleging the specific instances of racketeering activity and a causal nexus between the acts and harm, and has further detailed the Movants' involvement in the alleged fraud and enterprise. Nationwide's Amended Complaint alleges a complex scheme involving numer-

ous Co-defendants and the presentation of false claims under Nationwide automobile insurance policies as genuine claims for accidents. The alleged predicate acts involve mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, the use of mail to distribute the proceeds of unlawful activity and use of facility in interstate commerce to distribute proceeds of unlawful activity and promote, manage, and carry out said unlawful activity, 18 U.S.C. § 1952, and bank fraud, 18 U.S.C. § 1344. The Amended Complaint claims losses of at least $2,092,398.00 over the course of several years related to these acts. In addition, the Amended Complaint goes into great detail regarding the specific instances of false claims and the involvement of each Co-defendant.

The Court finds that these allegations satisfy the *Miranda* requirements, and further, show that the predicate acts are related in that they " 'have the same or similar purposes, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.' " *Dibbs*, 921 F.Supp. at 50 (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240–41, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). In addition, the involvement of Movant José Espada in presenting allegedly false claims to Nationwide is detailed in paragraphs 648, 649, 650, 747, 748, and 749.

█ Regarding Movants' contention that they cannot be both a defendant and enterprise under RICO, the Court finds their argument is without merit. A RICO enterprise is defined as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). As stated by the *Miranda* Court, "[w]e have consistently interpreted the statutory requirement that a culpable person be 'employed by or associated with' the RICO enterprise as meaning that the same entity cannot do double duty as both the RICO defendant and the RICO enterprise." *Miranda*, 948 F.2d at 44–45 (citations omitted). Nationwide has not asserted that Movants are the RICO "enterprise," but rather, Movants are included as defendants who are alleged to be "associated with" the enterprise in this case. Thus, Nationwide has pled exactly what they need to plead—that Movants as defendants are associated with the alleged enterprise "in fact"—in order to sustain a RICO claim against them.

Finally, the Court rejects Movants' contention that the Amended Complaint contains vague and ambiguous allegations. On the contrary, Nationwide's 218 page Amended Complaint provides clear statements of their legal contentions and detailed descriptions of every allegedly false claim, including the make and model of the automobile involved in the alleged accident, the automobile's VIN number, the Nationwide Policy number at issue, the Nationwide claim number at issue, the check numbers for each check issued related to an allegedly false claim, the date of the false claim, as well as the particular Co-defendants involved in the transaction. Regarding the claims against Movants, the Amended Complaint states that José Espada submitted false automobile accident claims in connection with other Co-defendants as a part of the enterprise, which caused a loss to Nationwide. (Compl.¶¶ 649, 748). Movants cannot assert that these allegations are "vague and ambiguous." The Court cannot imagine a more thorough and detailed account of the alleged fraud and RICO enterprise than what is stated in the Amended Complaint. Thus, Movants' Motion is hereby **DENIED.**

**SO ORDERED**